■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS ROSAS, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent. — Appeal unanimously dismissed as academic. Memorandum: Relator has been released on parole and his maximum sentence expired April 6, 1969. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD TOMKINS, Appellant.— Upon reargument, judgment unanimously affirmed. (Reargument of appeal decided December 5, 1968, 31 A D 2d 718.) Present — Goldman, P. J., Marsh, Witmer and Henry, JJ.

■ In the Matter of ELNORA L. TURNER, Appellant, v. JAMES R. LAWLEY et al., as Commissioners of Election of the County of Erie, and AMBROSE I. LANE, Respondents.— Order unanimously reversed on the law and facts, without costs and relief granted to petitioner in accordance with the following Memorandum: Presented is the issue of the validity of certain petitions purporting to make an independent nomination for public office in the City of Buffalo. There were timely filed two sets of petitions. One set, consisting of pages numbered 1 through 285, purported to nominate one Lane as an independent candidate for the office of mayor (herein "single petitions"). The other set, consisting of pages numbered 1 through 228, similarly purported to nominate Lane for the office of mayor and in addition three other individuals for the office of councilman-at-large (herein "multiple petitions"). Not questioned in this proceeding is the ultimate finding of the Board of Elections that the single petitions contained only 1,348 valid signatures or 152 short of the requisite 1,500 (Election Law, § 138.) Special Term concluded that the single petitions and the multiple petitions should be considered as one petition, comprising a total of 1,807 valid names, and that the described method of numbering (1 through 285 and 1 through 228) constituted consecutive numbering as mandated by subdivision 1 of section 138 of the Election Law. We are constrained by *Matter of Gaines* v. *Board of Elections* (32 A D 2d 797, affd. 25 N Y 2d 807) to reach a contrary conclusion. That decision passed upon the validity of designating petitions for a party position and subdivision 1 of section 135 of the Election Law contains a provision similar to section 138, mandating consecutive numbering of petitions. It was held that the valid signatures on 'Gaines' single petitions could not be added to those on the multiple petitions (Gaines and another) "because the petitions for Gaines are not consecutively numbered" (32 A D 2d 797). (Therein, as here, the single and multiple petitions, respectively, had been consecutively numbered, each starting with the figure one.) We reluctantly reach this determination because we incline to the view of Special Term that there has here been "substantial compliance with the Election Law." Any action to bring about a different result, however, is beyond the province of this court. Petitioner is entitled to an order (1) declaring invalid the petitions purporting to nominate Lane as an independent candidate for the office of mayor and (2) restraining respondents Commissioners of Election from placing Lane's name as a candidate for such office upon the official ballot for the general election to be held on November 4, 1969. (Appeal from order of Erie Special Term dismissing petition to declare nominating petition invalid.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.